IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DAVID THRASHER, No. 44415, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4223-CV-C-NKL |
| | ) | |
| STATE OF MISSOURI DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff David Thrasher, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are the State of Missouri Department of Corrections and Jefferson City Correctional Center.

Plaintiff requests a temporary restraining order, but does not state what the TRO is to protect against or what his underlying claim is other than to "petition the courts." Plaintiff asks the court to order defendants to stop "(a) rendering unwritten 'DECISION' 9/2/08 upon Plaintiff that is depriving him from exercising administrative exhaustion process violates his due process right . . . when such process was not made available to all inmates 9/2/08, regardless of their disciplinary or other classifications before Plaintiff bring his case to court, use a grievance system;." (Citation omitted.)

Based on his inmate account information, plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs, subject to modification pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is apparently challenging the grievance procedure which requires exhaustion of administrative remedies prior to filing suit. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Moreover, the Missouri Department of Corrections and Jefferson City Correctional Center, as entities of the State of Missouri, are not persons within the meaning of the Civil Rights Act, 42 U.S.C. § 1983. See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986). They also have Eleventh Amendment immunity and are not subject to an action for damages or equitable relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

2

Case 2:08-cv-04223-NKL   Document 6   Filed 10/28/08   Page 2 of 3

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's request for a temporary restraining order be denied. [1]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 28th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3

Case 2:08-cv-04223-NKL   Document 6   Filed 10/28/08   Page 3 of 3